891 F.2d 289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George F. COOK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1261.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1989.
 
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from the judgment of the district court dismissing appellant's challenge to the Secretary of Health and Human Services' denial of social security benefits. We affirm.
 
 
 2
 George F. Cook filed a claim on December 12, 1986 for social security disability benefits due to back pain. An Administrative Law Judge ("ALJ") held a hearing and denied Cook benefits on January 20, 1988. The ALJ found that, although Cook could not engage in his past work, his "allegations of severe overwhelming pain are not supported by separate medical accounts and his own account of his vocational activity during the period of time in question." The ALJ found that Cook has the residual functional capacity to do sedentary work reduced by a sit/stand option requirement and that "there are a significant number of jobs in the national economy which he could perform." The ALJ therefore concluded that Cook "was not under a 'disability,' as defined in the Social Security Act." The Social Security Administration's Appeals Council declined to review that decision.
 
 
 3
 Cook then filed a complaint in the district court which was referred to a United States magistrate. The magistrate recommended dismissal on the ground that a "review of the record shows the defendant's decision to be supported by substantial evidence." The magistrate agreed with the ALJ that insufficient objective evidence was presented to support Cook's allegations of back pain. The magistrate perceived no inconsistency between the ALJ's finding that Cook could not perform his past work, which was light and not sedentary, and the finding that Cook could perform sedentary work with the sit/stand option. The district court endorsed that recommendation, and this appeal followed.
 
 
 4
 Having reviewed the record, we agree that there is substantial evidence to support the Secretary's conclusion that Cook is not suffering a "disability" as is defined in 20 C.F.R. § 404.1520(f) (1989).
 
 
 5
 For the reasons stated in the magistrate's recommendation, we AFFIRM the district court's dismissal of Cook's complaint.